State v. Horn

STATE OF NORTH CAROLINA v. JAKE HORN

No. 735SC364

(Filed 13 June 1973)

1. **Constitutional Law § 18— obscenity statute — constitutionality**
   G.S. 14-190.1 proscribing dissemination of obscenity in a public place is constitutional.

2. **Obscenity— dissemination of obscenity — refusal to instruct as to proctected activity — no error**
   Trial court in a prosecution for disseminating obscenity in a public place properly refused to instruct the jury that if they found defendant provided notice to the public of the nature of the magazines involved in the case and if they found defendant provided reasonable protection against the exposure of the magazines to juveniles, then the jury would have to find that defendant's conduct was protected under the First and Fourteenth Amendments to the U. S. Constitution.

3. **Obscenity— obscene magazines — dissemination of obscenity — sufficiency of evidence**
   Evidence was sufficient to be submitted to the jury in a prosecution under G.S. 14-190.1 where such evidence tended to show that defendant operated a book store in Wilmington, that a police detective purchased three magazines in the store and that the magazines appealed to the prurient interest in sex, affronted contemporary

national standards relating to the description or representation of sexual matters and were utterly without redeeming social value.

**4. Obscenity — dissemination of obscenity — instructions proper**

Trial court's instruction in a prosecution for disseminating obscenity in a public place that the jury could convict defendant if it found that one or more of the magazines involved in the case met the tests for obscenity was proper.

**5. Criminal Law § 122— denial of jury request for instructions — no error**

Where the trial court finished its instructions in late afternoon, the jury separated for the night and deliberations began the following morning, the trial court did not err in refusing to "quickly review the law" and in refusing a juror's request for a written copy of the instructions, particularly since the court told the jurors that if, after they began their deliberations they needed further instructions, he would give them.

APPEAL by defendant from *Rouse, Judge,* 20 November 1972, Criminal Session, Superior Court, NEW HANOVER County.

Defendant was tried under a warrant the affidavit portion of which reads in pertinent part as follows:

" . . . in the county named above and on or about the 11th day of May, 1972, the defendant named above did unlawfully, wilfully, intentionally, and knowingly while working for Glenn's Book Store, a firm doing business at 107 Market St., Wilmington, N. C., a public place, disseminate obscene literature to the public by exhibiting, offering for sale, and selling to a member of the public, D. A. Hollifield, certain magazines, entitled Seizure, Vol. II, No. 1, French Luv (Europ. Ser. 104), Swingers (NO. 3), and having a retail price of $3.50, $10.00 and $4.00 respectively. Said magazines and pictures are obscene in that their dominant theme taken as a whole appeals to the prurient interest in sex, the material is patently offensive in that it affronts contemporary national community standards relating to the description or representation of sexual matters, the material is utterly without redeeming social value, and the material as used is not protected or privileged under the Constitution of the U.S. or N.C., in that the magazines display both male and female private parts (sexual organs), nude males and nude females engaged in both bisexual and homosexual sex play, nude males and nude females shown in various positions of copulation or staged copulation, and nude males and nude females engaging in cunnilingus and fellatio.

The offense charged here was committed against the peace and dignity of the State and in violation of law N.C. G.S. 14-190.1.

> D. A. HOLLIFIELD
> Complainant
> Det. W.P.D."

Defendant was convicted in the district court and appealed for a de novo trial in the superior court. There the jury returned a verdict of guilty as charged and from judgment entered on the verdict defendant appealed.

*Attorney General Morgan, by Associate Attorney Wall, for the State.*

*Smith, Patterson, Follin and Curtis, by Norman B. Smith, Michael K. Curtis, and J. David James, for defendant appellant.*

MORRIS, Judge.

[1]  Prior to plea, defendant moved to quash the warrant. His motion was grounded on the alleged unconstitutionality of G.S. 14-190.1. In his brief, defendant concedes that this Court has previously spoken to this and in *State v. Bryant* and *State v. Floyd,* 16 N.C. App. 456, 192 S.E. 2d 693 (1972), cert. denied and appeal dismissed 282 N.C. 583, 193 S.E. 2d 747 (1973), held that the statute is constitutional. Defendant, nevertheless, in order to preserve his rights, set out in his brief his arguments in support of his contention that the statute is unconstitutional. We reject these arguments and follow *State v. Bryant, supra.*

[2]  Defendant also assigns as error the court's denial of his request for an instruction to the jury that if the jury found the defendant provided notice to the public of the nature of the magazines involved in the case and if they found the defendant provided reasonable protection against the exposure of the magazines to juveniles, then the jury would have to find that the defendant's conduct was protected under the First and Fourteenth Amendments to the Constitution of the United States and that it would be the duty of the jury to return a verdict of not guilty. This contention was also advanced in *State v. Bryant, supra.* It was rejected there, and we reject it here.

[3]  Defendant strenuously urges that the court erred in overruling his motions for nonsuit. We disagree. The evidence for

the State tended to show that on 11 May 1973, Police Detective Hollifield and Lt. Lewis of the Wilmington Police Department went to Glenn's Book Store at 107 Market Street in Wilmington. Defendant was in the store working behind the counter. Detective Hollifield purchased from defendant several magazines. One was entitled Seizure, Volume No. 2, and cost $3.50. Another was Swingers, Volume No. 3, and cost $4.00. A third was French Luv and cost $10.00. These magazines were introduced into evidence as State's Exhibits One, Two and Three, respectively. State license was in the store back of the counter and the name J & J Development of Wilmington appeared on the State revenue signs. The store had a large plate glass front with a recessed door. All windows and doors were painted.

Evidence for the State further tended to show that the materials in State's Exhibits One, Two and Three, when taken as a whole, appeal to the prurient interest in sex; that the three magazines are patently offensive because they affront contemporary national standards relating to the description or representation of sexual matters; and that the magazines and material are utterly without redeeming social value.

Defendant's evidence tended to show that the book store not only had painted windows and doors, but had an outside sign which proclaimed: "Adult Book Store. No one under eighteen admitted. If nudity offends do not enter." Defendant's evidence further tended to show that the magazines do not appeal to the prurient interest in sex; that they are not patently offensive since they do not affront contemporary national standards relating to the description or representation of sexual matters; and that they are not without redeeming social value and have true educational value as well as entertainment value. Defendant also introduced exhibits which he contends are acceptable but which also have pictures of various obscene acts.

Judge Mallard's description of the exhibits in State v. Bryant, supra, is completely appropriate for the State's exhibits in the case sub judice. We do not quote it here. Suffice it to say that the exhibits introduced in this case have no emphasis other than the revealing of one scene after another of sexual activity. There is no real motive other than to appeal to the prurient interest in sex. In United States v. Wild, 422 F. 2d 34 (2d Cir. 1969), cert. denied, 402 U.S. 986, 91 S.Ct. 1644, 29 L.Ed. 2d 152 (1971), reh. denied, 403 U.S. 940, 91 S.Ct. 2242, 29 L.Ed. 2d 720 (1971), the exhibits were color slides

sent through the mail. They depicted the same sexual activities as are depicted by the exhibits in the case before us. The Court, through Chief Judge Lumbard, said that in cases such as that, the trier of facts really needed no expert advice and that "[s]imply stated, hard core pornography such as this can and does speak for itself." Id., at 36. In *Womack v. United States*, 294 F. 2d 204, 205 (D.C. Cir. 1961), cert. denied 365 U.S. 859, 81 S.Ct. 826, 5 L.Ed. 2d 822 (1961), the Court noted that "[a] fact is said to be evidence Autoptically when it is offered for direct perception by the senses of the tribunal without depending on any conscious inference from some other testimonial or circumstantial fact." The exhibits in this case, as in that case, are conclusive autoptical proof of obscenity and filth. We think another statement of that Court appropriate here: "We think that photographs can be so obscene—it is conceivably possible that they be so obscene—that the fact is incontrovertible." Id., at 206. The exhibits in the case at bar are such.

Though the evidence of defendant's knowledge of the contents of the magazines was wholly circumstantial, we hold it was sufficient. Also, the fact that some other material and publications have vivid written descriptions and pictures of various obscene acts does not save the magazines in this case.

The case was properly submitted to the jury. This assignment of error is overruled.

[4] By his assignment of error No. 2 defendant takes the position that the court committed reversible error in charging the jury that it could convict the defendant if it found that one or more of the magazines involved in this case met the tests for obscenity. Defendant urges that this was error in this case because one of the magazines, Seizure, was no more explicit in its scenes portraying lesbian activity than the magazine My-Oh-My, involved in the case of *Wiener v. California*, 404 U.S. 988, 92 S.Ct. 534, 30 L.Ed. 2d 539 (1971). This case came from the Appellate Department of the Superior Court of California, County of San Diego. The petition for certiorari was granted and the judgment reversed in a memorandum decision by the Supreme Court. The grounds for reversal are stated. Our research fails to reveal *People v. Wiener* as a case reported in the California Appellate Reports, California Supplement—Report of Cases determined—the Appellate Departments of the Superior Court of the State of California. The magazine My-Oh-My is not before us. Its similarity or dissimilarity to the magazines

before us is totally irrelevant. This contention, while novel, is certainly not convincing. The assignment of error is overruled.

[5] Finally, defendant contends that the court committed reversible error in failing to accede to a juror's request for a review of the court's instructions given the day before. It appears that the court finished his instructions to the jury in the late afternoon. The jury was allowed to leave and begin their deliberations the next morning. When the jury reassembled one juror asked if the jury could have "a written copy of the laws." The court advised the jury that they would follow the law given them by the court the day before. The same juror then asked for a written copy of the instructions. This request was refused. Another juror asked the court if he would "quickly review the law." The court advised the jury that he would not do that but if after the jurors began their deliberations, if they felt that they needed instructions, they could let the court know. The jury did not ask for further instructions. The defendant cites as authority *Burns v. Laundry*, 204 N.C. 145, 167 S.E. 573 (1933). There the court charged the jury on Thursday and then discharged them until the following Monday and subsequently until Tuesday. One of the jurors asked the sheriff if he would ask the court to read his charge again. The court did not get the message, but, at the request of defendant's counsel and in the absence of counsel for plaintiff, gave the jury additional instructions. The Supreme Court granted a new trial on two grounds: that the jury had been separated for a period of four days and needed to have their memories refreshed on the evidence as well as the law and that in the absence of plaintiff's counsel defendant had requested and obtained instructions which presumably were favorable to the defense. The factual difference in that case and the case before us are obvious. Here the court clearly told the jurors, who had only been separated overnight that if, after they began their deliberations, they needed further instructions he would give them. In this we perceive no error.

Defendant has had a fair and impartial trial, free from prejudicial error. The jury of twelve, after hearing the evidence and viewing the magazines, and under proper instructions from the court, found that the magazines met all the tests for obscenity.

No error.

Judges BRITT and VAUGHN concur.