STATE OF NORTH CAROLINA v. JOE BRYANT AND STATE OF NORTH CAROLINA v. RAYMOND MITCHELL FLOYD

No. 7226SC592

(Filed 19 December 1973)

**Obscenity — constitutionality of statute — motion pictures**

The statute proscribing the dissemination of obscenity in a public place, G.S. 14-190.1, is not unconstitutional on its face and is not unconstitutional as applied to defendants who exhibited motion pictures

containing stark portrayals of sex acts without a suggested theme or purpose other than to portray the acts in the most blatant manner.

Judge PARKER dissenting.

THESE defendants originally brought their cases before this Court by appeals from *Friday, Judge,* 6 March 1972 Session of Superior Court held in MECKLENBURG County.

Defendants were charged in warrants with intentionally disseminating obscenity in a public place. They were found guilty in District Court, appealed, and were granted a trial *de novo* in Superior Court. The cases were consolidated for trial before a jury which returned a verdict of guilty as to both defendants. They again appealed. On 22 November 1972, this Court filed its opinion finding no prejudicial error in the trial. *State v. Bryant* and *State v. Floyd,* 16 N.C. App. 456, 192 S.E. 2d 693.

Defendants then attempted to appeal and simultaneously petitioned the Supreme Court of North Carolina for a writ of certiorari. The appeal was dismissed, and the petition, denied. Defendants then petitioned the Supreme Court of the United States for a writ of certiorari. The latter petition was allowed. The Supreme Court of the United States vacated the judgment of this Court, and remanded the case to this Court for further consideration by us in light of *Miller v. California,* 413 U.S. 15, 37 L.Ed. 2d 419, 93 S.Ct 2607 (1973), and companion obscenity cases decided by the Supreme Court of the United States in June 1973. The case was reargued in this Court on 18 September 1973.

*Attorney General Morgan and Associate Attorney Wall, for the State.*

*Smith, Carrington, Patterson, Follin and Curtis, by Michael K. Curtis and J. David James, for defendant-appellants.*

BROCK, Chief Judge.

The question for determination upon this reconsideration is the constitutionality of G.S. 14-190.1, as applied to the defendants in light of *Miller v. California,* 413 U.S. 15, 37 L.Ed. 2d 419, 93 S.Ct. 2607 (1973).

Defendants argue that G.S. 14-190.1 is unconstitutionally vague and is in violation of the First and Fourteenth Amend-

ments to the United States Constitution. Defendants contend the statute is unconstitutional because it fails to incorporate the newly evolved standards for the determination of whether materials are obscene, as set forth by the Court in *Miller, supra.* In *Miller,* the Court states the constitutional test for obscenity is whether:

> "(a)'[T]he average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest (citations omitted),
>
> (b) [T]he work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and
>
> (c) [T]he work, taken as a whole, lacks serious literary artistic, political, or scientific value."

The Supreme Court, holding that state statutes designed to regulate obscene material must be carefully limited, said in *Miller,* " . . . we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed." However, the Supreme Court in *Miller, supra,* footnote 6, after citing examples of state laws directed at depiction of defined physical conduct, went on to say, "We do not hold, as Mr. Justice Brennan intimates, that all States other than Oregon must now enact new obscenity statutes. Other existing state statutes, as construed heretofore or hereafter, may well be adequate."

The statute under which the defendants were indicted proscribes the selling, delivering, and providing, or an offer or agreement to sell, deliver or provide " . . . any obscene writing, picture, record or other representation or embodiment of the obscene; . . ." On its face, this statutory terminology does not contain the specifics suggested by *Miller.* The difference between the *Miller* standards and the old standard as set out in *Memoirs v. Massachusetts,* 383 U.S. 413, 16 L.Ed. 2d 1, 86 S.Ct. 975, is that *Miller* requires that the conduct be specifically defined by the statute. This requirement may be met, however, according to *Miller,* by authoritative judicial construction.

At no point did the Supreme Court indicate that *Miller's* clarification and modification of *Memoirs* was the result of *Memoirs* having permitted unconstitutional infringement on

efforts to distribute pornography. Rather, the Supreme Court was dissatisfied with *Memoirs* because it imposed greater burdens on the regulation of such materials than was demanded by the Constitution. " . . . [T]he *Memoirs* plurality produced a drastically altered test that called on the prosecution to prove a negative, i.e., that the material was '*utterly* without redeeming social value'—a burden virtually impossible to discharge under our criminal standards of proof." *Miller v. California, supra.*

We are not convinced from the remand of the obscenity cases by the Supreme Court, without more, that the Supreme Court, in the interest of *strengthening* powers to regulate pornography, elected to eliminate constitutionally-valid law that would otherwise be available in prosecuting pending obscenity cases.

This Court, therefore, is faced with the obligation, in light of the *Miller* remands and in view of its duty to assure protection of First and Fourteenth Amendment rights, to assure that the defendants will not be convicted under earlier standards if those standards are more restrictive of pornography than those in *Miller*. We therefore make, as we are required to do, an independent judgment on the facts of this case as to whether the materials in this case are constitutionally protected. *Jacobellis v. Ohio*, 378 U.S. 184, 12 L.Ed. 2d 793, 84 S.Ct. 1676. In our review, we shall consider both the *Miller* and *Memoirs* definitions of obscenity. If the film is not obscene under *both* of these standards the charges must be dismissed.

We invoke this dual standard test upon the premise that the Supreme Court, by vacating and remanding the entire group of obscenity cases, indicated that defendants in pending prosecutions were entitled to the benefit, if any, of the new standards. We note that *Miller*, itself, was not reversed, but vacated and remanded for further proceedings.

In making our independent judgment in accordance with *Jacobellis*, we have reviewed the motion pictures in question and have applied both *Miller* and *Memoirs* standards. In our earlier opinion filed in this case the facts were reviewed as follows:

> "In the case before us it was stipulated that the films 'showed acts of sexual intercourse and oral sexual acts by and between human males and human females in a state

State v. Bryant and State v. Floyd

of undress.' The films identified as State's Exhibits 2, 3, 4 and 5 introduced into evidence in this case depicted sexual activity in what is customarily thought of as the normal manner by the insertion of the human penis into the vagina of the human female. In addition, they depicted sexual activity by oral stimulation of the penis with the mouth of a nude female, and also sexual activity by the stimulation of the vulva and clitoris with the lips and tongue of a nude male. There were depictions of simultaneous acts of fellatio and cunnilingus between a nude male and a nude female. There were also depictions where the act of cunnilingus was performed by one nude male with a nude female while another nude female was engaged simultaneously with the same nude male in the act of fellatio. These depictions were not all simulated and little, if anything, was left to the imagination. The sole emphasis of these films is the revealing of the sexual activity of the moment. They have no plot, no real motive, and no objectives other than to appeal to the prurient interest in sex."

The four films in this case are stark portrayals of sex acts without a suggested theme or purpose other than to portray the acts in the most blatant manner. They exhibit a morbid interest in nudity and portray sex acts far beyond customary limits of candor in description or representation of such matters.

Patently offensive "hard core" portrayals of sexual conduct such as described above, are proscribed by our statute regulating dissemination of obscene materials in a public place. Neither the defendants nor the general public need any further definition by statute to know that the four films in this case are obscene and are not entitled to the dignity of constitutional protection.

In the trial of these defendants the State carried the burden of proof under the *Memoirs* standards. That was a heavier burden than is required under the newer *Miller* standards. In our independent judgment of the four films we conclude that they are obscene when tested by both the *Miller* and *Memoirs* standards. This dual procedure protects defendants from a retroactive application of *Miller* standards which might ease the burden of the State. At the same time it grants to defendants the application of *Miller* standards which might place a heavier burden upon the State. In this opinion we concur in the rationale

of *State v. Watkins*, ____ S.C. ____, (Filed 26 November 1973) (S.Ct. of S. C. Opinion No. 19727) ; *Redlich v. Capri Cinema*, ____ N.Y. Sup Ct App Div ____ , (Filed 27 November 1973), 42 U.S.L.W. 2297; and *United States v. Thevis*, 484 F. 2d 1149 (5th Cir., 12 September 1973), 42 U.S.L.W. 2182.

We hold therefore that G.S. 14-190.1 is not unconstitutional on its face, and is not unconstitutional as applied in this case.

We abide by our earlier disposition.

No error.

Judge VAUGHN concurs.

Judge PARKER dissents.

Judge PARKER dissenting.

The United States Supreme Court has directed us to give further consideration to this case in the light of *Miller v. California* and its companion cases. *Miller* announced new guidelines for determining whether material may be considered obscene and therefore beyond First Amendment protection. In certain respects these new guidelines appear to be less rigorous than those which they replaced and to that extent *Miller* has eased the prosecution's burden. The majority opinion in *Miller,* however, went further than merely announcing new guidelines. Insofar as pertinent to the case now before us, the importance of *Miller* is the requirement which it makes that a criminal statute dealing with obscenity to be constitutionally valid must be specific. Chief Justice Burger's opinion, while regarding as categorically settled that obscene material is unprotected by the First Amendment, expressly acknowledged "the inherent dangers of undertaking to regulate any form of expression" and recognized that "State statutes designed to regulate obscene materials must be carefully limited." The opinion then contains the following:

> "As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. *That conduct must be specifically defined by the applicable state law, as written or authoritatively construed.*" (Emphasis added.)

Our statute, G.S. 14-190.1, contains no such specific definitions nor has it yet been authoritatively construed so as to supply them. The statute became effective on 1 July 1971. Defendants in the present case are charged with having violated it by acts which allegedly occurred on 10 September 1971. To now construe the statute so as to supply the specific definitions which *Miller* requires and which the statute obviously lacks, requires the exercise of judicial legislating to a degree which in my opinion is beyond the power of the courts to perform. The Legislature alone has the power to amend our statute so as to give it the specificity which *Miller* requires for its validity. Even when adopted such amendments may not be applied *ex post facto* to defendants in the present case. I vote to vacate the judgments.