STATE OF NORTH CAROLINA v. JAKE HORN

No. 38

(Filed 13 March 1974)

1. Obscenity— constitutionality of statute — sale of magazines

As construed by the Court, the statute prohibiting the dissemination of obscenity in a public place, G.S. 14-190.1, is constitutional when applied to charges against defendant of exhibiting, offering for sale and selling certain magazines.

2. Criminal Law § 146— appeal under G.S. 7A-30(1)— scope of review

Where a case is before the Supreme Court solely by reason of defendant's appeal under G.S. 7A-30(1), the review to which defendant is entitled is limited to the constitutional question presented by him.

APPEAL by defendant from the decision of the North Carolina Court of Appeals reported in 18 N.C. App. 377, docketed and argued as No. 49 at Fall Term 1973.

A warrant for the arrest of defendant was issued 12 May 1972. The affidavit portion thereof reads as follows:

"The undersigned, D. A. Hollifield, being duly sworn, complains and says that at and in the county named above and on or about the 11th day of May, 1972, the defendant named above did unlawfully, wilfully, intentionally, and knowingly while working for Glenn's Book Store, a firm doing business at 107 Market St., Wilmington, N. C., a public place, disseminate obscene literature to the public by exhibiting, offering for sale, and selling to a member of the public, D. A. Hollifield, certain magazines, entitled Seizure, Vol. II, No. 1, French Luv (Europ.

---

---

Ser. 104), Swingers (No. 3), and having a retail price of $3.50, $10.00, and $4.00 respectively. Said magazines and pictures are obscene in that their dominant theme taken as a whole appeals to the prurient interest in sex, the material is patently offensive in that it affronts contemporary national community standards relating to the description or representation of sexual matters, the material is utterly without redeeming social value, and the material as used is not protected or privileged under the Constitution of the U. S. or N. C., in that the magazines display both male and female private parts (sexual organs), nude males and nude females engaged in both bisexual and homosexual sex play, nude males and nude females shown in various positions of copulation or staged copulation, and nude males and nude females engaged in cunnilingus and fellatio.

"The offense charged here was committed against the peace and dignity of the State and in violation of law N.C. G.S. 14-190.1."

Defendant was first tried, found guilty and sentenced in the District Court of New Hanover County. Upon appeal, defendant was tried *de novo* at the 20 November 1972 Criminal Session of New Hanover Superior Court and was found guilty and sentenced. Upon appeal, the Court of Appeals found no error. Defendant then appealed to this Court under G.S. 7A-30(1) asserting that G.S. 14-190.1 is unconstitutional "because it fails to incorporate standards held constitutionally required by the United States Supreme Court in its most recent attempt to define obscenity."

*Attorney General Robert Morgan and Associate Attorney Emerson D. Wall for the State.*

*Smith, Carrington, Patterson, Follin & Curtis by Michael K. Curtis and J. David James for defendant appellant.*

BOBBITT, Chief Justice.

The Court of Appeals rejected defendant's attack on the constitutionality of G.S. 14-190.1 and upheld the constitutionality of this statute on authority of its prior decision on 22 November 1972 in *State v. Bryant* and *State v. Floyd,* 16 N.C. App. 456, 192 S.E. 2d 693.

On 13 June 1973, when the Court of Appeals filed its decision in the present case, the petition for certiorari filed by

the defendants in the above-cited *Bryant* and *Floyd* cases was pending in the Supreme Court of the United States. On 25 June 1973, the Supreme Court of the United States granted certiorari, vacated the judgment of the Court of Appeals and remanded the above-cited *Bryant* and *Floyd* cases to the Court of Appeals for further consideration in the light of *Miller v. California,* 413 U.S. 15, 37 L.Ed. 2d 419, 93 S.Ct. 2607, and other cited cases. Upon such further consideration, the Court of Appeals on 19 December 1973 in *State v. Bryant* and *State v. Floyd,* 20 N.C. App. 223, 201 S.E. 2d 211, again upheld the constitutionality of G.S. 14-190.1 as applied to the charges against defendants therein, which decision has been affirmed by this Court today in *State v. Bryant* and *State v. Floyd,* 285 N.C. 27, 203 S.E. 2d 27.

[1] In the present case, the conduct of defendant as charged in the warrant and as established by the verdict constitutes violation of G.S. 14-190.1 as construed by this Court. For the reasons stated in our opinion filed today in *Bryant* and *Floyd,* we uphold the constitutionality of G.S. 14-190.1 as applied to the charges against this defendant.

[2] Since the case is before this Court solely by reason of defendant's appeal under G.S. 7A-30(1), the review to which defendant is entitled is limited to the constitutional question presented by him. The Court of Appeals passed upon defendant's non-constitutional assignments of error and defendant filed no petition for certiorari for a review thereof by this Court. Suffice to say, defendant's non-constitutional assignments of error do not disclose sufficient merit to warrant further appellate review by this Court. See *State v. Colson,* 274 N.C. 295, 305, 163 S.E. 2d 376, 383 (1968).

The decision of the North Carolina Court of Appeals is affirmed.

Affirmed.