No. 73–1811. BRYANT ET AL. *v.* NORTH CAROLINA; and No. 73–1818. HORN *v.* NORTH CAROLINA. Sup. Ct. N. C. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, *Roth* v. *United States,* 354 U. S. 476, 508 (DOUGLAS, J., dissenting); *Miller* v. *California,* 413 U. S. 15, 42–47 (DOUGLAS, J., dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (DOUGLAS, J., dissenting), would grant certiorari and summarily reverse the judgment. Reported below: No. 73–1811, 285 N. C. 27, 203 S. E. 2d 27; No. 73–1818, 285 N. C. 82, 203 N. E. 2d 36.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners Bryant and Floyd were convicted in the Superior Court of Mecklenburg County of exhibiting allegedly obscene motion pictures in violation of North

Carolina Gen. Stat. § 14–190.1 (Cum. Supp. 1971). Petitioner Horn was convicted in the Superior Court of New Hanover County of selling allegedly obscene magazines in violation of the same statute. Section 14–190.1 provided in pertinent part at the times of the alleged offenses as follows:

"(a) It shall be unlawful for any person, firm or corporation to intentionally disseminate obscenity in any public place. A person, firm or corporation disseminates obscenity within the meaning of this Article if he or it:

"(1) Sells . . . any obscene writing, picture, record or other representation or embodiment of the obscene; or

.     .     .     .     .

"(4) Exhibits . . . any obscene still or motion picture, film, filmstrip, . . . or any matter or material . . . which is a representation, embodiment, performance, or publication of the obscene.

"(b) For purposes of this Article any material is obscene if:

"(1) The dominant theme of the material taken as a whole appeals to the prurient interest in sex; and,

"(2) The material is patently offensive because it affronts contemporary national community standards relating to the description or representation of sexual matters; and,

"(3) The material is utterly without redeeming social value."

Petitioners Bryant and Floyd appealed their convictions to the Court of Appeals of North Carolina, which affirmed. The Supreme Court of North Carolina dismissed an appeal and denied a petition for writ of certiorari. This Court then granted certiorari, vacated the

judgment of the Court of Appeals, and remanded for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973), and companion cases. 413 U. S. 913. On remand, the Court of Appeals and the Supreme Court of North Carolina both again affirmed the convictions.

Petitioner Horn's conviction was affirmed by the North Carolina Court of Appeals. The Supreme Court of North Carolina also affirmed, in an opinion rendered after *Miller* was decided.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 14–190.1 was constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California, supra,* at 47, I would therefore grant certiorari and, since the judgments of the Supreme Court of North Carolina were rendered after *Miller,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Further, it does not appear from the petition and response that the obscenity of the disputed materials in these cases was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent

---

*Although four of us would grant certiorari and reverse the judgments, the Justices who join this opinion do not insist that the cases be decided on the merits.

with the Due Process Clause, petitioners must be given an opportunity to have their cases decided on, and to introduce evidence relevant to, the legal standard upon which their convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgments below and remand for a determination whether petitioners should be afforded a new trial under local community standards.