STATE OF NORTH CAROLINA v. ROBERT CHARLES JOHNSTON, Defendant

No. COA95-1137

(Filed 6 August 1996)

1. **Obscenity, Pornography, Indecency, or Profanity § 16 (NCI4th)— jury instructions on two magazines—right to unanimous jury verdict not abridged**

In a prosecution of defendant for disseminating obscene material, the trial court did not err in refusing to instruct the jury

STATE v. JOHNSTON

[123 N.C. App. 292 (1996)]

that there must be unanimous agreement that at least one of the two magazines purchased by a detective was obscene, and this refusal did not violate defendant's right to a unanimous jury verdict, since the situation in this case involved alternative methods of establishing a single offense rather than two separate offenses.

**Am Jur 2d, Lewdness, Indecency and Obscenity § 39.**

2. **Obscenity, Pornography, Indecency, or Profanity § 13 (NCI4th)— contemporary community standards—evidence unnecessary**

In a prosecution of defendant for disseminating obscene material, evidence of what constituted "contemporary community standards" was unnecessary.

**Am Jur 2d, Lewdness, Indecency and Obscenity § 34.**

**Modern concept of obscenity. 5 ALR3d 1158.**

3. **Obscenity, Pornography, Indecency, or Profanity § 14 (NCI4th)— defendant's knowledge of content of materials disseminated—sufficiency of evidence**

In a prosecution for dissemination of obscene material, there was sufficient circumstantial evidence that defendant knew the character and the content of the materials to be distributed.

**Am Jur 2d, Lewdness, Indecency and Obscenity § 34.**

**Modern concept of obscenity. 5 ALR3d 1158.**

4. **Obscenity, Pornography, Indecency, or Profanity § 18 (NCI4th)— dissemination of obscenity—definition of prurient—jury instruction proper**

The trial court's definition of a prurient interest in sex as "an unhealthy, abnormal, lascivious, shameful or morbid sexual interest" could not be understood by the jury to include a normal interest in sex and was therefore appropriate in this prosecution for dissemination of obscene magazines; furthermore, the trial court's instruction that the jury should apply the "current standards" in the community rather than the standards at the time of the incident was harmless error, and there was no error in the court's instruction that the jury could infer that defendant had knowledge of the nature and content of the magazines based on circumstantial evidence.

**Am Jur 2d, Lewdness, Indecency and Obscenity § 39.**

STATE v. JOHNSTON

[123 N.C. App. 292 (1996)]

Propriety of, or prejudicial effect of omitting or of giving, instruction to jury, in prosecution for rape or other sexual offense, as to ease of making or difficulty of defending against such a charge. 92 ALR3d 866.

5. **Obscenity, Pornography, Indecency, or Profanity § 15 (NCI4th)— closing argument—propriety**

The prosecutor's closing argument in a prosecution of a store clerk for disseminating obscenity asking jurors to consider how they would feel if their mothers saw them looking at allegedly obscene magazines and suggesting that any defense that the State should go after the store owners rather than the clerk was like arguing against going after street-level drug dealers did not expand the definition of "prurient" or equate defendant with a drug dealer. Rather, the prosecutor merely used analogies which the jurors were free to reject or ignore in order to illustrate his message.

Am Jur 2d, Lewdness, Indecency and Obscenity §§ 31-40.

6. **Jury § 187 (NCI4th)— refusal to excuse juror for cause— defendant's failure to follow procedure—question not preserved for appellate review**

Defendant failed to preserve for appellate review the trial court's alleged error in refusing to excuse a juror for cause, since defendant failed to renew his challenge for cause after exhausting his peremptory challenges and thus failed to comply with the procedure outlined in N.C.G.S. § 15A-1214(h).

Am Jur 2d, Jury § 231.

7. **Evidence and Witnesses § 543 (NCI4th)— dissemination of obscene magazines—sex toys and movies—relevancy—best evidence rule not violated**

A detective's testimony describing various sex toys available for sale in a store and movies available for viewing at the store was relevant in a prosecution for disseminating obscene magazines to show defendant's knowledge of the character and content of the magazines. Furthermore, this testimony did not violate the best evidence rule because the content of the available movies was not at issue in the case.

Am Jur 2d, Lewdness, Indecency and Obscenity §§ 34-40.

**8. Criminal Law § 1490 (NCI4th)— condition of probation— propriety**

In a prosecution of defendant for dissemination of obscene material, it was not unconstitutional for the trial court to impose as a condition of his probation that he refrain from working in any retail establishment which sold sexually explicit material, since it was clearly related to and grew out of the offense charged. N.C.G.S. § 15A-1343(b1)(10).

**Am Jur 2d, Criminal Law §§ 570-576.**

**Propriety, as condition of probation granted pursuant to 18 USCS sec. 3651 or similar predecessor statute, of requiring defendant to give up profession or occupation. 35 ALR Fed. 631.**

Appeal by defendant from judgment entered 2 June 1995 by Judge Knox V. Jenkins in Lee County Superior Court. Heard in the Court of Appeals 16 May 1996.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Grayson G. Kelley and Associate Attorney General Melanie L. Vtipil, for the State.*

*Loflin & Loflin, by Thomas F. Loflin III, for defendant-appellant.*

LEWIS, Judge.

Defendant was charged with disseminating obscenity in violation of N.C. Gen. Stat. section 14-190.1. On 2 June 1995, he was convicted by jury verdict and sentenced to two years imprisonment. The trial court suspended this sentence and placed him under supervised probation for two years upon the conditions that he complete 100 hours of community service and not work anywhere that sells sexually explicit material. Defendant appeals.

At trial, the State called Detective Sergeant Kevin Gray of the Sanford Police Department. Detective Gray testified that he was on duty on 23 September 1993 when he entered an adult establishment called the Sanford Video and News in order to purchase "sexually explicit materials." He described the store as containing hundreds of sexually explicit magazines and videos and various "sex toys." After entering the store, Detective Gray saw defendant behind the counter by the register. After about twenty minutes, the detective selected

two magazines and bought them from defendant. Detective Gray testified that the magazines were wrapped individually in clear cellophane, providing a full view of the front and back of the magazines, but preventing the pages within from being seen.

The magazines were admitted into evidence. On the front cover of State's Exhibit No. 3 is a profile view of two naked women touching each other. The front of State's Exhibit No. 2 displays frontal nudity of a female engaged in various simultaneous sexual acts with two protuberant males. On the reverse cover is a female engaged in fellatio.

The defense did not present any witnesses.

Defendant fails to argue assignments of error one and five in his brief. Therefore, they are deemed abandoned. N.C.R. App. P. 28(b)(5) (1996).

**[1]** Defendant first argues that the trial court erred in refusing to instruct the jury that there must be unanimous agreement that at least one of the two magazines purchased by Detective Gray was obscene. Defendant contends this refusal violates his right to a unanimous jury verdict because the instructions given permitted a conviction when "some but not all jurors thought one magazine was obscene while other jurors, but not all, thought the other magazine was obscene."

To support his argument, defendant cites *State v. Lyons*, 330 N.C. 298, 412 S.E.2d 308 (1991) and *State v. Diaz*, 317 N.C 545, 346 S.E.2d 488 (1986). In those cases, our Supreme Court held that disjunctive instructions which allow the jury to find that the defendant had committed either of two separate crimes are fatally defective because ambiguous and uncertain jury verdicts result. *Lyons*, 330 N.C. at 306-07, 412 S.E.2d at 314; *Diaz*, 317 N.C. at 554, 346 S.E.2d at 494. We do not find these cases controlling. Instead, we conclude that the present case is governed by another line of cases beginning with *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990).

In *Hartness*, the defendant was charged with taking indecent liberties with a child. 326 N.C. at 562, 391 S.E.2d at 178. In instructing the jury, the trial court defined an indecent liberty as "an immoral, improper or indecent touching or act by the defendant upon the child, or an inducement by the defendant of an immoral or indecent touching by the child." *Id.* at 563, 391 S.E.2d at 178. The defendant argued that the instruction allowed for a potentially nonunanimous jury verdict. *Id.* The Supreme Court, however, found no error in the instruction. *Id.* at 567, 391 S.E.2d at 181. Instead, it determined that even if

STATE v. JOHNSTON

[123 N.C. App. 292 (1996)]

some jurors found that the defendant committed one type of pro-scribed sexual conduct and others found that he committed another, "the fact remains that the jury as a whole would unanimously find that there occurred sexual conduct within the ambit of 'any immoral, improper, or indecent liberties,' " which is what the statute prohibits. *Id.* at 565, 391 S.E.2d at 179.

Subsequently, our Supreme Court revisited this issue in *Lyons* and explained the differences in the two lines of cases:

> There is a critical difference between the lines of cases repre-sented by Diaz and Hartness. The former line establishes that a disjunctive instruction, which allows the jury to find a defendant guilty if he commits either of two underlying acts, *either of which is in itself a separate offense*, is fatally ambiguous because it is impossible to determine whether the jury unanimously found that the defendant committed one particular offense. The latter line establishes that if the trial court merely instructs the jury dis-junctively as to various alternative acts *which will establish an element of the offense*, the requirement of unanimity is satisfied.

*Lyons*, 330 N.C. at 302-03, 411 S.E.2d at 312. While later analyzing the same issue, this Court concluded, "[T]he difference is whether the two underlying acts are separate offenses or whether they are merely alternative ways to establish a single offense." *State v. Almond*, 112 N.C. App. 137, 144, 435 S.E.2d 91, 96 (1993).

We hold that the present situation involves alternative methods of establishing a single offense and is therefore controlled by *Hartness*. G.S. 14-190.1 does not contain separately punishable elements. It pro-hibits one single offense: "intentionally disseminat[ing] obscenity," G.S. § 14-190.1(a) (1993), which may be proved by evidence of any one of several acts.

The fact that the present sale involves two magazines does not transform defendant's crime into a multi-offense situation like in *Diaz* or *Lyons*. Under G.S. 14-190.1, despite the number of obscene materials sold at one time, a defendant may not be convicted of more than one offense for each transaction. *State v. Smith*, 323 N.C 439, 444, 373 S.E.2d 435, 438 (1988). We hold that the instructions provided did not violate defendant's right to a unanimous verdict.

[2] Defendant next contends that the trial court erred in denying his motion to dismiss at the close of the State's evidence. He argues that there was insufficient evidence to convict him.

The United States Supreme Court has established a three part test to determine if material is obscene:

> The basic guidelines for the trier of fact must be: (a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

*Miller v. California*, 413 U.S. 15, 24, 37 L. Ed. 2d 419, 431 (1973) (citations omitted). Subsequent cases have clarified this standard, stating that the first two parts should be decided by a jury applying community standards, while the third is to be decided according to a reasonable person standard. *Pope v. Illinois*, 481 U.S. 497, 500, 95 L. Ed. 2d 439, 445 (1987); *State v. Watson*, 88 N.C. App. 624, 627, 364 S.E.2d 683, *disc. review denied*, 322 N.C. 485, 370 S.E.2d 235 (1988). G.S. 14-190.1 basically codifies this test. It also requires proof of intent and guilty knowledge on the part of the defendant. *State v. Mayes*, 86 N.C. App. 569, 580, 359 S.E.2d 30, 37 (1987), *aff'd*, 323 N.C. 159, 371 S.E.2d 476 (1988), *cert. denied*, 488 U.S. 1009, 102 L. Ed. 2d 784 (1989).

Defendant specifically argues that the State did not present evidence of Lee County community standards as they existed in 1993, the date of the alleged offense. He contends that any other reading of "contemporary" would violate the constitutional proscription against ex post facto laws. We find no merit in this argument and defendant provides no caselaw to support it.

Whether materials on the whole appeal to the prurient interest and are patently offensive are "issues of fact for the jury to determine applying contemporary community standards." *Pope*, 481 U.S. at 500, 95 L. Ed. 2d at 445 (citing *Smith v. United States*, 431 U.S. 291, 52 L. Ed. 2d. 324 (1977)). "A juror is entitled to draw on *his own knowledge* of the views of the average person in the community . . . for making the required determination, just as he is entitled to draw on his knowledge of the propensities of a 'reasonable' person in other areas of the law." *Hamling v. United States*, 418 U.S. 87, 104-05, 41 L. Ed. 2d 590, 613 (1974) (emphasis added). Since no evidence of what is "reasonable" is presented to juries, we hold that evidence of what constitutes "contemporary community standards" is unnecessary. It was evident to the jury that the incident in question happened in 1993

and they were properly instructed to apply "contemporary community standards." This assignment of error is overruled.

[3] Additionally, defendant argues that there was insufficient evidence presented that he knew the magazines were obscene. Defendant correctly acknowledges that the State must prove that he had "knowledge of both the content and character of the materials disseminated." *See Watson*, 88 N.C. App. at 631, 364 S.E.2d at 687. However, we believe that the State has met this burden.

In *Watson*, this Court made the following relevant statements:

The State presented evidence that the items purchased . . . were selected from a room in the bookstore containing sexually oriented devices, as well as sexually explicit materials with illustrated covers, grouped and displayed on bookshelves which were labeled according to the viewer's sexual interest—gay sex, lesbian sex, sadism, etc. Defendant was not merely a sales clerk but the store manager, from which it could be reasonably inferred that she had knowledge of and authority over the store's inventory and its arrangement. Moreover, the magazine cover and the box containing the film were captioned and graphically illustrated with photographs of males and females engaged in oral, vaginal, and group sex. This, in our opinion, may reasonably be considered some indication of the materials' contents.

We hold that the foregoing, when viewed in the light most favorable to the State, constitutes sufficient circumstantial evidence to allow a reasonable inference that defendant knew the character and content of the materials she disseminated.

*Id.*

After reviewing the record, it is evident that the circumstances in *Watson* are almost identical to the case at hand. The only substantial difference is that defendant was not also the manager of the store. However, it is clear that this circumstance was not determinative in *Watson*, but merely one factor which the court considered. Therefore, we hold that even without it, there was sufficient circumstantial evidence that defendant knew the character and the content of the materials he disseminated.

[4] Defendant next assigns error to several of the trial court's instructions to the jury. First, he contends that the trial court's defin-

ition of "prurient" was error. The court instructed: "A prurient interest in sex is an unhealthy, abnormal, lascivious, shameful or morbid sexual interest." Defendant argues that in *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 86 L. Ed. 2d 394 (1985), the United States Supreme Court prohibited states from defining "prurient interest" in terms of arousing lust. According to defendant, since "lascivious" means "lustful," the instruction is error. We find defendant's reading of *Brockett* flawed.

The Washington statute at issue in *Brockett* defined "prurient" as " 'that which incites lasciviousness or lust.' " *Brockett*, 472 U.S. at 494, 86 L. Ed. 2d at 399. The Supreme Court invalidated the statute only in so far as "lust" was taken to include a normal interest in sex. *Id.* at 504-05, 86 L. Ed. 2d at 406. However, the Court did recognize that "prurience may be constitutionally defined for the purposes of identifying obscenity as that which appeals to a shameful or morbid interest in sex." *Id.* at 504, 86 L. Ed. 2d at 406 (citing *Roth v. United States*, 354 U.S. 476, 1 L. Ed. 2d 1498 (1957)).

Therefore, contrary to defendant's argument, the Supreme Court did not proscribe the use of "lust" in obscenity definitions. Rather, it disallowed any definition which could be read to include a normal, healthy sexual interest. Clearly, the above instruction which also includes the terms "unhealthy," "abnormal," "shameful" and "morbid" could not be understood by any jury to include a normal interest in sex. Defendant's assignment of error is overruled.

Second, defendant argues that the trial court provided the jury with the incorrect standard for determining whether the materials lack serious value. However, during closing arguments, defendant's attorney admitted to the jury that the magazines in question lacked serious literary, artistic, political or scientific value and conceded that issue. On appeal, defendant cannot argue a matter he conceded at trial.

Third, defendant contends that it was error for the trial court to instruct the jury to apply the "current standards here in your community." Even if this instruction was error, we find it harmless. The alleged sale took place on 23 September 1993. The trial occurred 30 May through 2 June 1995. Community standards could not have changed so drastically during that period of time that the jury would have reached a different verdict had it been instructed to apply standards at the time of the incident.

STATE v. JOHNSTON

[123 N.C. App. 292 (1996)]

Defendant also assigns error to two portions of the trial court's charge to which he did not object at trial and alleges plain error. "In order to rise to the level of plain error, the error in the trial court's instructions must be so fundamental that (i) absent the error, the jury probably would have reached a different verdict; or (ii) the error would constitute a miscarriage of justice if not corrected." *State v. King,* 342 N.C. 357, 365, 464 S.E.2d 288, 293 (1995). After reviewing the record, we conclude that even if the trial court's instructions were error, neither rises to the level of plain error. This assignment of error is overruled.

Finally, defendant assigns error to the trial court's instruction that the jury could infer that the defendant had knowledge of the nature and content of the magazines based on circumstantial evidence. He argues that the State was not entitled to such an instruction because it has the burden to prove defendant's knowledge. In making his argument, defendant ignores longstanding precedent ruling that circumstantial evidence is sufficient to prove a defendant's knowledge in cases involving the dissemination of obscenity. *E.g., Watson,* 88 N.C. App. at 632, 364 S.E.2d at 687; *State v. Horn,* 18 N.C. App. 377, 381, 197 S.E.2d 274, 277 (1973), *aff'd,* 285 N.C. 82, 203 S.E.2d 36, *cert. denied, Bryant v. North Carolina,* 419 U.S. 974, 42 L. Ed. 2d 188 (1974).

Defendant also cites *State v. Bates,* 309 N.C. 528, 308 S.E.2d 258 (1983), in support of his proposition that the instruction on circumstantial evidence was improper. He apparently argues that since the State presented direct evidence of defendant's knowledge, an instruction on circumstantial was improper.

In *Bates,* the defendant wanted a "jury instruction as to the effect of circumstantial evidence when no direct evidence is presented." *Id.* at 537, 308 S.E.2d at 264. The Court held that since there was direct evidence presented, defendant's requested instruction was not appropriate. *Id.* Despite the clarity of that Court's holding, defendant misinterprets it and provides the following statement, citing *Bates*: "Where the evidence elicited at trial includes direct evidence bearing on any issue for the jury's determination, a circumstantial evidence instruction is erroneous." This is clearly not the holding of *Bates.* Accordingly, we find no merit in defendant's argument.

Defendant next assigns error to the trial court's refusal to give his written request for jury instructions as asked. However, the trial court is not required to give an instruction exactly as requested. *State v.*

*Monk*, 291 N.C. 37, 54, 229 S.E.2d 163, 174 (1976). It is sufficient that the court substantially gives the instruction if the request is legally correct and supported by the evidence. *See id.*

In this case, we hold that the trial court gave, in substance, those requested instructions which are correct in law. This assignment of error is overruled.

**[5]** The defendant next argues that the trial court erred in overruling his objections to portions of the State's closing argument. At trial, defendant objected to the following statements made by the prosecutor:

> If any activity is illegal, it doesn't make a difference that there are two adults participating in the activity. It's still illegal. Think about it. Does it really make a difference whether a person sells cocaine to an adult or a child?

> Again, the Court will tell you it is an unhealthy, abnormal, lascivious, shameful or morbid interest. What does that mean? Well, I submit to you perhaps you can think of it this way: Does this material pass the mama test? By that I mean, how would you feel if your mama saw you looking at this?

> The defense might argue, 'My poor client's just a clerk. Why don't they go after the real bad guys, the managers and the owners?' Well, folks, he made the conscious decision to work there knowing exactly what he was doing, and that's why he's arguing you shouldn't go after the street level drug dealers. You ought to only go after the big guys.

Defendant argues that the statements made by the prosecutor alter the definition of "prurient" and compared him to a drug dealer. He contends that such prejudicial remarks entitle him to a new trial.

"The scope of the arguments to the jury is in the sound discretion of the trial judge and his ruling will not be disturbed except upon a finding of prejudicial error." *State v. Spears*, 70 N.C. App. 747, 751, 321 S.E.2d 13, 15 (1984), *aff'd*, 314 N.C. 319, 333 S.E.2d 242 (1985). In determining whether prejudicial error occurred, the prosecutor's argument must be viewed as a whole. *State v. Roland*, 88 N.C. App. 19, 28, 362 S.E.2d 800, 806 (1987), *aff'd*, 322 N.C. 469, 368 S.E.2d 385 (1988).

After reviewing the State's closing argument as a whole, we find no error prejudicial to defendant. It is clear that the prosecutor did

not equate defendant with drug dealing, nor did he expand the definition of "prurient." Rather, he provided proper statements of the law, but used analogies, which the jurors were free to reject or ignore, to illustrate his message. This assignment of error is overruled.

[6] Defendant also assigns error to the trial court's refusing to excuse a juror for cause. N.C. Gen. Stat. section 15A-1214(h) provides:

> In order for a defendant to seek reversal of the case on appeal on the ground that the judge refused to allow a challenge made for cause, he must have:
>
> (1) Exhausted the peremptory challenges available to him;
>
> (2) Renewed his challenge as provided in subsection (i) of this section; and
>
> (3) Had his renewal motion denied as to the juror in question.

G.S. § 15A-1214(h) (1988).

After reviewing the record, it is evident that defendant exhausted his peremptory challenges, but failed to renew his challenge for cause. By failing to comply with the procedure outlined in G.S. 15A-1214(h), defendant failed to preserve the alleged error for appellate review. *See State v. Sanders*, 317 N.C. 602, 607, 346 S.E.2d 451, 455 (1986). While it is true that defendant asked for additional peremptory challenges, that action is insufficient to preserve the issue since the statute makes renewal of the challenge mandatory. *See id.* at 608, 346 S.E.2d at 456. This assignment of error is overruled.

[7] Defendant also argues that the trial court erred in allowing Detective Gray to describe the various sex toys available for sale and movies available for viewing at the Sanford Video and News store. Defendant argues that the testimony is irrelevant. The trial court allowed the testimony because it went to the issue of defendant's knowledge; the judge offered to give a special instruction to the jury but defendant declined.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.R. Evid. 401 (1992). The evidence at issue is clearly relevant to the instant proceeding since the prosecution must prove

defendant's knowledge of the character and content of the magazines. *See Watson*, 88 N.C. App. at 631, 364 S.E.2d at 687. This knowledge is often proved solely by circumstantial evidence. *E.g. Horn*, 18 N.C. App. at 381, 197 S.E.2d at 277. Therefore, this testimony was relevant to the issue of defendant's knowledge, and because defendant failed to request a limiting instruction, its admission cannot be held error. *See State v. Jones*, 322 N.C. 406, 414, 368 S.E.2d 844, 848 (1988) (stating that "admission of evidence which is competent for a restricted purpose will not be held error in the absence of a request by the defendant for limiting instructions.")

Defendant argues that even if the content of the movies available for viewing at the Sanford Video and News was relevant, Detective Gray's testimony should have been excluded based on the best evidence rule. We disagree. The best evidence rule provides: "To prove the content of a . . . recording . . ., the original . . . is required . . . ." N.C.R. Evid. 1002 (1992). "The rule does not apply . . . when [the] contents are not in question or when they are only "collateral" to the issues in the case.' " *State v. Mills*, 39 N.C. App. 47, 49-50, 249 S.E.2d 446, 448 (1978), *disc. review denied*, 296 N.C. 588, 254 S.E.2d 33 (1979).

Clearly, the content of the movies available at the store is not at issue in this case. Rather, it is a collateral matter tending to show defendant's knowledge circumstantially. The main issue in this case is the content of the magazines sold by defendant, which were admitted into evidence. Additionally, even if the trial court erred in allowing Detective Gray to testify in a single sentence as to the general content of the movies, we conclude that it would not be harmful error. There was a great deal of other evidence to prove defendant's knowledge. Therefore, this assignment of error based on the best evidence rule has no merit.

Defendant next contends, and the State agrees, that the trial court erred in sentencing him for a Class I felony rather than a Class J felony. Therefore, we remand this matter for resentencing.

[8] Defendant further contends that it was unconstitutional for the trial court to impose as a condition upon his probation that he refrain from working in any "retail establishment that sells sexually explicit material." Under N.C. Gen. Stat. section 15A-1343(b1), the trial court may impose any conditions on probation that it determines "to be reasonably related to [defendant's] rehabilitation." G.S.

**STATE v. JOHNSTON**

[123 N.C. App. 292 (1996)]

§ 15A-1343(b1)(10) (1995). The trial court is accorded "substantial discretion" in imposing conditions under this section. *State v. Harrington*, 78 N.C. App. 39, 48, 336 S.E.2d 852, 857 (1985).

We are persuaded by the reasoning in *State v. Simpson*, 25 N.C. App. 176, 212 S.E.2d 566, *cert. denied*, 287 N.C. 263, 214 S.E.2d 436 (1975), that the condition imposed on defendant is not unconstitutional. In upholding a condition which limited defendant's employment in the construction field that Court stated:

> It is obvious from the condition upon which defendant's prison sentence was suspended and the nature of the crime involved that the trial judge considered as an important aspect of the defendant's rehabilitation that the defendant not find himself in a position wherein he would more than likely repeat this same offense. . . . This condition was clearly directly related to and grew out of the offense for which the defendant was convicted and was consistent with proper punishment for the crime.

*Simpson*, 25 N.C. App. at 180, 212 S.E.2d at 569 (citations omitted). Likewise, since the condition imposed upon defendant was clearly related to and grew out of the offense of disseminating obscenity, we rule that it is not unconstitutional. This argument has no merit.

Finally, defendant argues that G.S. 14-490.1 is unconstitutional. This statute has previously been held constitutional, *see State v. Anderson*, 322 N.C. 22, 40, 366 S.E.2d 459, 470, *cert. denied*, 488 U.S. 975, 102 L. Ed. 2d 548 (1988); *Cinema I Video v. Thornburg*, 83 N.C. App. 544, 554, 351 S.E.2d 305, 312 (1986), *aff'd*, 320 N.C. 485, 358 S.E.2d 383 (1987), and defendant's argument must therefore fail.

No error in trial; remanded for resentencing.

Judges JOHNSON and MARTIN, MARK D. concur.