STATE OF NORTH CAROLINA v. RICHARD HOWARD HUNT

No. 8516SC893

(Filed 1 April 1986)

1. **Criminal Law § 57 — demonstration of firearm — witness not expert — weapon in changed condition — demonstration admissible**

   In a prosecution for assault with a deadly weapon inflicting serious injury, the trial court did not err in allowing a police officer to demonstrate the operation of a weapon which was not in substantially the same condition as it was at the time of the alleged assault and to render an opinion that the weapon could only be discharged if the hammer was cocked and the trigger pulled, since the officer was not attempting to say that he had tested or experimented with the gun and that it could not fire in the position defendant claimed; the officer demonstrated the operation of the weapon to the jury and testified that "under normal situations the only way to get it to discharge is to cock it and pull the trigger"; and defendant failed to object because of the condition of the weapon and further waived any objection he could have made by participating in the demonstration of the weapon.

2. **Criminal Law § 45 — experimental or demonstrative evidence — admissibility — demonstrator's familiarity with object**

   The admissibility of demonstrative or experimental evidence depends, as much as for any other piece of evidence, upon whether its probative value is outweighed by the potential undue prejudicial effect it may have on defendant's case; further, in the case of a courtroom demonstration, the demonstrator may not need to be qualified as an expert in the same way as an experimentor, but a proper foundation still must be laid as to the person's familiarity with the thing he or she is demonstrating.

State v. Hunt

**3. Criminal Law § 142.3— restitution as condition of work release — evidence to support amount**

The trial court's recommendation of restitution in the amount of $18,364 as a condition of work release was supported by the evidence and is not to be disturbed on appeal where the assault victim testified that his hospital bill was $10,364 and the doctor's bill was around $8,000.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 15 March 1985 in Superior Court, ROBESON County. Heard in the Court of Appeals 14 January 1986.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Evelyn M. Coman, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Louis D. Bilionis, for defendant appellant.*

BECTON, Judge.

Defendant, Richard Howard Hunt, was convicted by a jury of assault with a deadly weapon inflicting serious injury, and was sentenced to three years imprisonment. On appeal, defendant presents two issues: (1) whether the trial court erred in allowing a police officer to demonstrate the operation of a weapon which was not in substantially the same condition as it was in at the time of the alleged assault and to render an opinion that the weapon could only be discharged if the hammer was cocked and the trigger pulled, and (2) whether the trial court's order of restitution is fatally ambiguous under N.C. Gen. Stat. Sec. 15A-1343 (1983) because it is unsupported by the evidence in the record.

Most of the facts are not in dispute. Richard Howard Hunt, the defendant, and the woman with whom he had lived for five years, Donna Taylor, went to Donna's parents' home in Lumberton, North Carolina on New Year's Eve, 31 December 1984. Among those present at this family get-together were the victim, Matt Stephens, brother of Donna Taylor, his pregnant wife, Cathy Stephens, and J. N. Stephens, father of Matt and Donna.

At about 11:30 p.m., Matt Stephens was outside the residence preparing to leave with his wife. Donna was talking to Cathy. Matt approached Donna and began to engage in what he characterized as playful tussling. Donna did not find it playful and cried

out in pain. Cathy urged Matt to let go of his sister, but he would not. The defendant, who was inside the house, heard Donna's cries and came outside. According to Matt, the defendant told him to leave Donna alone or defendant would kill him. J. N. Stephens stepped outside and told everyone to leave, shoving his son Matt and telling him to go home.

Next, according to Matt, Donna threw a beer can at his car. He stepped out of his vehicle and the defendant began coming at him. Matt decided he would fight the defendant. He took off his shirt, unzipped his boots and started toward the defendant, who had gone to the trunk of his car while Matt was disrobing. As Matt approached, the defendant swung a shotgun out of the trunk and shot him in the lower abdomen.

Matt testified that immediately after the gun went off, the defendant said in a very emotional tone that he didn't know the gun was loaded. Defendant threw the gun to the pavement, shattering it, went over to Matt, helped him to another man's truck, and held him on the way to the hospital while the other man drove. Matt testified that the defendant repeated on the way to the hospital that he did not know the gun was loaded and that he did not mean to do it.

I

[1, 2]   The defendant maintained from the outset that he had intended to use the shotgun as a club and that it must have discharged accidentally, because he had neither cocked the hammer nor pulled the trigger. Defendant assigns as error the trial court's allowing a police officer, who repeatedly said he was not an expert, to demonstrate the operation of the alleged assault weapon and to state his opinion that a gun of this type could not fire unless the hammer was cocked and the trigger pulled. This testimony was admitted over defendant's objection.

Defendant characterizes the demonstration as an "experiment" which cannot be admitted in evidence unless the alleged assault weapon upon which the experiment is conducted is in substantially the same condition that it was in at the time of the incident *and* the witness is qualified as an expert with respect to the mechanics of the weapon. These requirements are gleaned from a reading of *State v. Foust,* 258 N.C. 453, 128 S.E. 2d 889 (1963),

wherein our Supreme Court found that experimental evidence should have been rejected when it was given by a police officer who had no "instruction or schooling to qualify as an expert in the mechanism [sic] of a gun of [that] type" and where "the experiments the officer conducted on the weapon were not carried out under substantially similar circumstances to those which surrounded" the firing of the gun. Whether substantial similarity does exist is a question of law. *State v. Jones*, 287 N.C. 84, 98, 214 S.E. 2d 24, 34 (1975).

The threshold question is whether this was an "experiment," as defendant claims, or a "demonstration," as the State would have us hold. There is no contention that experimental evidence is *never* admissible, only that it needs to be received with great care following the two requirements enunciated in *Foust*. The State argues that "courtroom demonstrations which are not experiments are admissible evidence," and that a lesser evidentiary standard is to be employed in receiving evidence admitted in the form of courtroom demonstrations. We do not adopt this proposition as a rule. We hold instead that the admissibility of demonstrative or experimental evidence depends as much, as for any other piece of evidence, upon whether its probative value is outweighed by the potential undue prejudicial effect it may have on defendant's case. *See* Rule 403, N.C. Rules Evid. In the case of a courtroom demonstration, the demonstrator may not need to be qualified as an expert in the same way as an experimentor, but a proper foundation still must be laid as to the person's familiarity with the thing he or she is demonstrating.

Although we note that it is not always a simple matter to distinguish between "experimental" and real (or demonstrative) evidence, *see Williams v. Bethany Fire Dept.*, 307 N.C. 430, 298 S.E. 2d 352 (1983), we find that the testimony of the officer in this case was more akin to a demonstration, and that *Foust*, though strikingly similar, is distinguishable. Demonstration is defined as "an illustration or explanation, as of a theory or product, by exemplification or practical application." Experiment is defined as "a test made to demonstrate a known truth, to examine the validity of a hypothesis, or to determine the efficacy of something previously untried."

In *Foust*, the witness was attempting to testify about experiments he had conducted outside the courtroom on the alleged murder weapon to prove that it could not have discharged in the manner claimed by the defendant. In the instant case, the officer was *not* attempting to say that he had tested or experimented with the gun and that it could not fire in the position the defendant claimed. The officer was demonstrating the operation of the weapon to the jury and testified that "under normal situations, the only way to get it to discharge is to cock it and pull the trigger." As to other scenarios, whether the gun would fire in various positions or under a given set of circumstances, the witness repeatedly stated that he did not know because he was not an expert. Had this witness been permitted to testify that the gun could not fire in the manner urged by the defendant, without having first been qualified as an expert, it would have been improper.

Defendant also argues in this appeal that the officer's testimony should have been disallowed because the weapon was not in substantially the same condition as it was in at the time of the offense in question. However, defense counsel did not object to the use of the shattered shotgun in the courtroom demonstration on this ground. In fact, defense counsel participated in the demonstration during cross-examination of the police officer and during the direct examination of defendant. When objections to evidence are not made at trial or are waived by the admission of other evidence of similar import, evidence so admitted is not the proper subject for assignment of error on appeal. *State v. Smith*, 34 N.C. App. 671, 239 S.E. 2d 610, *disc. rev. denied and appeal dismissed*, 294 N.C. 186, 241 S.E. 2d 73 (1977). *See also State v. Long*, 58 N.C. App. 467, 294 S.E. 2d 4 (1982).

The shotgun was in at least six pieces at trial. There was no testimony whether the trigger mechanism, which the witnesses were allowed to demonstrate, was in normal working order at the time of the occurrence, or at the time of the trial. There was no testimony as to what effect, if any, the shattering had on the operation of the gun. Arguably, defendant not only failed to preserve what might have been a more meritorious assignment of error, but also waived any objection by participating in the demonstration before objecting on other (chain of custody) less efficacious grounds. In any event, the police officer's testimony,

referring only to what happens "under normal situations," renders any error harmless.

## II

**[3]** Defendant next argues that the trial court's recommendation of restitution as a condition of work release must be vacated because it is fatally ambiguous and unsupported by the evidence. The victim, Matt Stephens, testified that the hospital bill "is $10,364" and the doctor's bill "around $8,000." The court recommended that defendant be required to pay restitution from his work release earnings to "Matt Stephens or Hospital or Doctor to be Determined $18,364.00. . . ."

We held in a recent case that a recommendation of restitution must be supported by the evidence before the trial court. *State v. Daye*, 78 N.C. App. 753, 338 S.E. 2d 557 (1986). Our Supreme Court has also recently held that a trial court need not make specific findings in support of its recommendation of probation. *State v. Hunter*, 315 N.C. 371, 338 S.E. 2d 99 (1986). We hold that this is true for a recommendation of work release as well. When, as here, there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal. We note, however, that restitution is intended to compensate victims for loss or damage, and not as a punitive measure against defendants. A trial court's recommendation may easily fall into this latter, and disfavored, realm when there is no basis to support it. We find

No error.

Judges WHICHARD and PARKER concur.