STATE OF NORTH CAROLINA v. WESLEY ROYAL HAYES, II

No. 9318SC299

(Filed 21 December 1993)

**Criminal Law § 1510 (NCI4th) — restitution as probation condition — inability of defendant to pay**

The trial court erred in conditioning defendant's probation on an amount of restitution that defendant clearly cannot pay where defendant was ordered to pay an embezzlement victim restitution of $208,899.00 at a rate of more than $3,000.00 per month over a five-year probationary period, and defendant presented evidence that he (1) earns approximately $800.00 a month bagging groceries and stocking food at a grocery store, (2) pays $350.00 per month in child support, (3) lives with his mother and shares a car with her, (4) is deaf in one ear and hard of hearing in the other, (5) has recently completed bankruptcy proceedings, and (6) has substantial medical problems, including a recent brain tumor. N.C.G.S. § 15A-1343(d).

**Am Jur 2d, Criminal Law § 572.**

**Ability to pay as necessary consideration in conditioning probation or suspended sentence upon reparation or restitution. 73 ALR3d 1240.**

STATE v. HAYES

[113 N.C. App. 172 (1993)]

Upon writ of certiorari to review judgment entered 17 December 1992 by Judge Melzer A. Morgan, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 29 November 1993.

Wall Furniture Company, which sells oriental rugs and furniture, hired the defendant, a certified public accountant with an accounting firm, as its bookkeeper/accountant in 1989. In April 1990, the company hired the defendant full-time as its own employee, rather than through the accounting firm. As the company's accountant, the defendant had complete control over the company's bookkeeping and finances. In the course of his duties, the defendant frequently presented blank checks to Mr. Wall, president of the company, ostensibly to pay corporate and payroll taxes. Defendant failed to pay the taxes. Instead, he made the checks out to himself and deposited them into his personal account.

In early 1991, while defendant was out of work for health reasons, Mr. Wall discovered accounting discrepancies. Mr. Wall fired the defendant and filed a complaint with the Guilford County Sheriff's Department. The Sheriff's Department then contacted the State Bureau of Investigation and Special Agent Dan Stone investigated the matter. An audit from June 1989 to February 1991 revealed that defendant embezzled $205,142.70, apparently depositing at least 109 checks in his personal account. The defendant also embezzled funds by inflating his wife's payroll checks and bonuses, unbeknownst to her, and depositing them into his own account. Defendant's wife worked at Wall Furniture Company as well. All together, the defendant embezzled approximately $208,899.70 from the company.

Pursuant to a plea arrangement, the defendant pled guilty to five counts of embezzlement. He received a thirty year suspended sentence and supervised probation on the condition that he pay restitution. After hearing evidence of defendant's bankruptcy, his medical problems, and his current income of approximately $800.00 a month, the trial court ordered restitution exceeding $3,000.00 monthly. Upon review, defendant questions only the amount of restitution ordered.

*Attorney General Michael F. Easley, by Assistant Attorney General Floyd M. Lewis, for the State.*

*Harrison, North, Cooke & Landreth, by A. Wayland Cooke, for defendant appellant.*

ARNOLD, Chief Judge.

The defendant here presents two valid assignments of error. He contends that the trial court erred in failing to consider, or ignoring, his financial resources in ordering restitution. The defendant further contends that the trial court erred in setting restitution greater than he can pay.

N.C. Gen. Stat. § 15A-1343(d) (1988), which governs when restitution is a condition of probation, reads in pertinent part as follows:

> (d) Restitution as a Condition of Probation.—As a condition of probation, a defendant may be required to make restitution or reparation to an aggrieved party . . . for the damage or loss caused by the defendant arising out of the offense or offenses committed by the defendant. When restitution or reparation is a condition imposed, the court shall take into consideration the resources of the defendant, including all real and personal property owned by the defendant and the income derived from such property, his ability to earn, his obligation to support dependents, and such other matters as shall pertain to his ability to make restitution . . . .

Restitution is "compensation for damage or loss as could ordinarily be recovered by an aggrieved party in a civil action." *Id.* Furthermore, restitution is intended "to promote rehabilitation of the criminal offender," as well as to compensate victims of crime. *State v. Burkhead*, 85 N.C. App. 535, 536, 355 S.E.2d 175, 176 (1987).

In *State v. Smith*, the defendant was convicted of misdemeanor death by vehicle, given a two year suspended sentence with five years probation, and ordered to pay $500,000.00 in restitution. *State v. Smith*, 90 N.C. App. 161, 368 S.E.2d 33 (1988), *aff'd*, 323 N.C. 703, 374 S.E.2d 866, *cert. denied, Smith v. North Carolina*, 490 U.S. 1100 (1989). This Court vacated the restitution order, which would have required the defendant to pay $100,000.00 per year, stating that "[c]ommon sense dictates that only a person of substantial means could comply with such a requirement." *Id.* at 168, 368 S.E.2d at 38.

In this case, the defendant presented evidence which showed that he (1) earns approximately $800.00 a month bagging groceries and stocking food at Harris Teeter, (2) pays approximately $350.00 per month in child support, (3) lives with his mother and shares a car with her, (4) is deaf in one ear and hard of hearing in the

other, (5) has recently completed bankruptcy proceedings, and (6) has substantial medical problems, including a recent brain tumor. The court ordered restitution of approximately $208,899.00, payable over a five year probationary period, necessitating payments of over $3,000.00 a month in order to comply with this condition. As in *Smith*, common sense dictates that this defendant will be unable to pay this amount. The trial court failed to heed the language of G.S. § 15A-1343(d) which provides that "the court may order partial restitution or reparation when it appears that the damage or loss caused by the offense or offenses is greater than that which the defendant is able to pay." While we applaud efforts to alleviate the harm done to crime victims, we hold that the trial court erred in conditioning probation on an amount of restitution the defendant clearly cannot pay. On remand, the trial court is to reconsider what amount, if any, defendant should be required to pay as restitution.

Accordingly, the judgment is

Vacated in part and remanded.

Judges WELLS and EAGLES concur.