STATE OF NORTH CAROLINA v. KRISTINA CONNOT RILEY, Defendant

No. COA03-1577

(Filed 7 December 2004)

**1. Appeal and Error— appellate rules—double spacing brief**

Counsel for a defendant who did not double space defendant's brief was assessed printing costs as a sanction for violating the Rules of Appellate Procedure. N.C. R. App. P. 26(g).

**2. Sentencing— restitution—findings and conclusions not required**

The trial court is not required to make findings or conclusions on a defendant's ability to pay restitution, but is required to consider statutory factors.

**3. Sentencing— restitution—ability to pay**

There was no error in a sentence for embezzlement requiring restitution where defendant contended that she was unable to pay the amount ordered, but her earnings from her present job exceed the amount of her restitution payments, and she presented no evidence of her husband's income and contribution to the family finances. N.C.G.S. § 15A-1340.36.

**4. Sentencing— restitution—amount—evidence sufficient**

There was support in the record for the amount of restitution ordered as part of an embezzlement sentence where the court set the amount at the total amount embezzled less insurance proceeds.

Appeal by defendant from judgments entered 11 July 2003 by Judge W. Erwin Spainhour in the Superior Court in Rowan County. Heard in the Court of Appeals 11 October 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Lauren M. Clemmons, for the State.*

*Law Office of Michael S. Adkins, by Michael S. Adkins, for defendant-appellant.*

HUDSON, Judge.

On 11 July 2002, defendant Kristina C. Riley pled guilty to six counts of embezzlement. The court imposed a sentence of six months

minimum and eight months maximum on each of the six counts to run consecutively, but suspended the sentence and placed defendant on supervised probation for sixty months. The sentence imposed included payment of costs in the amount of $211 and restitution in the amount of $78,081. Defendant appeals the amount of restitution. We affirm.

The evidence tended to show that defendant worked as office manager of the Salisbury License Tag Agency ("the agency") for seven years beginning in 1995. Nancy Liggins was the contract agent running the agency. One of defendant's duties was depositing the money received by the agency. In February 2002, when Liggins confronted defendant about missing money, and defendant admitted that she had taken money from the agency over a period of several years. Following her indictment on six charges of embezzlement, defendant pled guilty to all charges.

At the sentencing hearing, State Bureau of Investigation ("SBI") Agent Chris Cardwell testified that he had analyzed the records for incoming funds and deposits at the agency for a five-year period beginning in 1997. Based on his analysis, Agent Cardwell testified that the agency received $108,081.46 which was not deposited. Liggins testified that the Department of Motor Vehicles ("DMV") had notified her that $108,081.46 was missing from her payments to the DMV, and sought to recover those funds from Liggins. The DMV withheld five months of her volume commission of $12,400 from Liggins, and she borrowed money in order to repay the balance of the missing funds.

Defendant testified that she had stolen money from the agency, but contended that she took no more than $35,000, and argued that other employees must have been embezzling as well. Defendant also testified about her weekly net income of $325, and presented a spreadsheet showing her monthly expenses for car and truck payments, utilities and other costs, totaling $2,614.21. Defendant did not testify about her husband's income or about her home equity or any other assets.

[1] Before addressing defendant's arguments, we note that defendant's brief is single-spaced, contrary to the requirements of Appellate Rule 26(g). N.C. R. App. P. Rule 26(g) (2002). The Rules have contained this requirement since 1988. The Rules are mandatory, and serve particular purposes; this Rule facilitates the reading and comprehension of large numbers of legal documents by members of the

Court and staff. Because of this very obvious violation of Rule 26(g), we enter as a sanction that defendant's counsel pay the printing costs of this appeal, and instruct the Clerk of this Court to enter an order accordingly.

[2] Defendant first argues that the court erred in failing to make findings of fact about her ability to pay restitution and in ordering her to pay $78,081 in restitution when the evidence shows she lacks the ability to do so. As discussed below, we find no error.

Defendant contends that the court erred by failing to make findings of fact on the restitution worksheet. The applicable statute on determination of restitution requires that the court consider various factors in determining a defendant's ability to make restitution, but specifically states that "the court is not required to make findings of fact or conclusions of law on these matters." N.C. Gen. Stat. § 15A-1340.36 (a) (2003); *see also State v. Mucci*, 163 N.C. App. 615, 594 S.E.2d 411 (2004).

[3] Defendant also argues that the evidence presented showed that she was unable to pay the amount of restitution ordered. N.C. Gen. Stat. § 15A-1340.36 requires the court to consider a defendant's resources in setting restitution:

> (a) In determining the amount of restitution to be made, the court shall take into consideration the resources of the defendant *including all real and personal property owned by the defendant and the income derived from the property, the defendant's ability to earn, the defendant's obligation to support dependents, and any other matters that pertain to the defendant's ability to make restitution,* but the court is not required to make findings of fact or conclusions of law on these matters. The amount of restitution must be limited to that supported by the record, and the court may order partial restitution when it appears that the damage or loss caused by the offense is greater than that which the defendant is able to pay. If the court orders partial restitution, the court shall state on the record the reasons for such an order.

N.C. Gen. Stat. § 15A-1340.36 (emphasis added).

The court ordered defendant to pay $78,081 to Ms. Liggins over the five-year period of defendant's probationary sentence. Divided into equal payments over the sixty-month period of her probation, defendant's monthly restitution payments would be $1,305.35 per

month. Defendant testified that she earned $325.33 a week after taxes, for a net total of $1,409.76 per month. Thus her earnings at her present job exceed the amount of the restitution payments. Defendant also testified that she had monthly bills of $2,614.21, which included her house and truck payments, child care, utilities, gas and insurance. However, defendant presented no evidence about her husband's income as a mechanic and owner of a car repair shop or about his contribution to their monthly expenses.

The cases cited by defendant are inapposite. In *State v. Smith*, we held that the court erred in requiring $500,000 in restitution from a defendant where the transcript of the sentencing hearing showed "that the trial court did not consider any evidence of defendant's financial condition." 90 N.C. App. 161, 168, 368 S.E.2d 33, 38 (1988), *affirmed*, 323 N.C. 703, 374 S.E.2d 866, *cert. denied*, 490 U.S. 1100 (1989). In that case, the judge did not even know whether the defendant was employed. *Id.* Similarly, in *State v. Hayes*, we found error in an order of restitution of $208,899 over five years, requiring payments of more than $3000 per month. 113 N.C. App. 172, 174, 437 S.E.2d 717, 719 (1993). In that case, "the defendant presented evidence which showed that he (1) earns approximately $800.00 a month bagging groceries and stocking food at Harris Teeter, (2) pays approximately $350.00 per month in child support, (3) lives with his mother and shares a car with her, (4) is deaf in one ear and hard of hearing in the other, (5) has recently completed bankruptcy proceedings, and (6) has substantial medical problems, including a recent brain tumor." *Id.* at 174-75, 437 S.E.2d at 719. Based on that evidence, we held that "common sense dictates that this defendant will be unable to pay this amount." *Id.* at 175, 437 S.E.2d at 719.

Here, in contrast, defendant earns enough each month to make the required restitution payments. Certainly she has other expenses, but although the record reflects that her husband had earnings, defendant did not present evidence about his income and contribution to the family finances. Because she failed to present evidence showing that she would not be able to make the required restitution payments, we find no error.

[4] Defendant next argues that the court erred in setting the amount of restitution and failed to make findings of fact in support the amount the restitution. We disagree.

This Court has held that "a recommendation of restitution must be supported by the evidence before the trial court. . . . [but] a trial

court need not make specific findings in support of its recommendation. . . ." *State v. Hunt*, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986). "When . . . there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal." *Id.* Here, the court heard testimony from Agent Cardwell that the total amount of cash embezzled was $108,081.46 and that the victim had received $30,000 in insurance money. The court set the amount of restitution at $78,081, the total amount embezzled less the insurance proceeds. Because there is support in the evidence for the amount of restitution ordered, we find no error.

Affirmed; sanctions ordered.

Chief Judge MARTIN and Judge TIMMONS-GOODSON concur.