STATE OF NORTH CAROLINA
v.
SAVANNAH DUNSTON.
No. COA08-1130.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General J. Aldean Webster, III, for the State.
Jarvis John Edgerton, IV, for defendant-appellant.
STEELMAN, Judge.
Where this Court cannot determine the merits of defendant's ineffective assistance of counsel claim based upon the record before us, we dismiss the appeal without prejudice to defendant's filing of a motion for appropriate relief.

I. Factual and Procedural Background
On 30 April 2008, a jury found Savannah Dunston ("defendant") guilty of two counts of robbery with a dangerous weapon and two counts of felonious possession of stolen goods. The trial court arrested judgment on the convictions for felonious possession of stolen goods and sentenced defendant to two consecutive active terms of 64 to 86 months imprisonment for the robbery with a dangerous weapon convictions. The trial court further recommended payment of $3,041.00 in restitution as a condition of post-release supervision, if applicable, or from work release earnings. Defendant appeals.

II. Ineffective Assistance of Counsel
Defendant's sole argument on appeal is that she received ineffective assistance of counsel when her trial counsel stipulated to an amount of restitution greater than that supported by the State's evidence. Generally, "a recommendation of restitution must be supported by the evidence before the trial court." State v. Hunt, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986) (citation omitted). A recommendation as to the appropriate amount of restitution will not be overruled on appeal if there is some evidence tending to support the recommendation. Id. Further, our Supreme Court has held that "ineffective assistance of counsel claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Thompson, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (citation and quotation omitted), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 80 (2005). When an appellate court "reviews ineffective assistance of counsel claims on direct appeal and determines that they have been brought prematurely, [the court will] dismiss those claims without prejudice, allowing defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court." Id. at 123, 604 S.E.2d at 881.
The Restitution Worksheet, Notice and Order filed in this case shows restitution totaling $3,041.00, with $2,862.00 to be paid to Virgil Douglas ("Mr. Douglas"), and $179.00 to Mary L. Harris, both victims of the robberies. Defendant contends her trial counsel's stipulation to restitution in the amount of $3,041.00 was error because a gold chain valued at $999.00 by Mr. Douglas was only appraised for $989.00 and had, in fact, been returned to the victim. The record before this Court contains a victim impact statement listing the property stolen from Mr. Douglas: (1) "14k Gold Cross" valued at $95.00; (2) "14k Gold Cuban Bracelet" valued at $299.00; (3) "14k Gold Fancy Link" valued at $899.00; (4) "14k Gold Cuban Link" valued at $869.00; (5) "14k Gold [Figaro] Chain" valued at $999.00; and (6) $150.00 in cash. The victim impact statement indicates the $150 cash and the "14k Gold Cuban Bracelet" were recovered, and that the total loss to Mr. Douglas was calculated at $2,862.00. Similarly, the record contains a partial photocopy of a jeweler's estimate as to the replacement costs for the gold cross, two bracelets, and two chains listed in the victim impact statement. The values in the jeweler's estimate match those listed in the victim impact statement except for the "14k Gold [Figaro] Chain," which the jeweler estimated cost $989.00.
At trial, the following exchange took place between the prosecutor and Detective Ricky Cates of the Creedmoor Police Department: Q. Did you also receive at some point, a chain or bracelet?
A. Yes, I did.
. . .
Q. And, Officer, did you maintain that evidence of the chain, as well as the cell phone that you received?
A. Yes, I did. Until it was turned back over to the  to the victims.
Q. So, you released the chain, the bracelet and the cell phone back to the victims?
A. Yes ma'am, I did.
Q. Do you remember to whom you released the cell phone?
A. To Mary.
Q. Mary Harris?
A. Yes, ma'am.
Q. And the bracelets?
A. To Virgil.
Q. And why did you do that, Detective?
A. They had contacted me several times and they really wanted their items and the items meant a lot to them and I believe Mary  it was her cell phone and she wanted the cell phone to use it, and Virgil, the bracelet meant a whole lot to him, so I returned it to him.
Defendant contends this exchange establishes that a necklace was returned to Mr. Douglas and thus his trial counsel erred in stipulating to a restitution amount including the necklace. However, it is unclear whether the Detective is referring to having returned a single bracelet, multiple bracelets, or a chain and abracelet. Because we cannot determine precisely what was returned to the victims from the record on appeal, we dismiss this appeal without prejudice to defendant's right to file a motion for appropriate relief with the superior court. Defendant's remaining assignments of error set forth in the record on appeal, but not argued in her brief to this Court, are deemed abandoned. N.C.R. App. P. 28(b)(6) (2008).
DISMISSED.
Judges HUNTER, ROBERT C. and JACKSON concur.
Report per Rule 30(e).